**G. FRUGE JUNK COMPANY, Plaintiff,**

**v.**

**CITY OF OAKLAND, a Municipal Corporation; City of San Leandro, A Municipal Corporation; Oakland Scavenger Company, and Odes 1 through 10, inclusive, Defendants.**

**No. C–85–8049–WWS.**

United States District Court, N.D. California.

April 21, 1986.

Alex Johnston, Mill Valley, Cal., for plaintiff.

Richard E. Winnie, City Atty., City of Oakland, Oakland, Cal., Steven R. Meyers, City Atty., City of San Leandro, San Leandro, Cal., Stephen McKae, Moore, Sizoo, Cantwell & McKae, Oakland Scavenger Co., Oakland, Cal., for defendants.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

All defendants move for summary judgment on this complaint which attacks defendant Cities' exclusive franchising ordinances for solid waste handling and action taken under them by defendant franchisee. Because there is neither legal nor factual support for any of plaintiff's claims, and no material facts are in dispute, the motion must be granted.

*Facts*

Plaintiff is a sole proprietorship engaged in the business of hauling, segregating, and recycling solid waste, and operating a recycling plant in Hayward, California. It brings this action for a declaratory judgment that ordinances of defendants Oakland and San Leandro authorizing exclusive franchises for the hauling and disposal of non-recyclable solid waste are void as violative of the Fourteenth Amendment due process and equal protection clauses. It also challenges the ordinances as inconsistent with the state Solid Waste Management and Resource Recovery Act of 1972

(SWMRRA), Cal.Gov.Code § 66700 et seq. Plaintiff seeks an injunction against the ordinances' enforcement, and injunctive and monetary relief against defendant Oakland Scavenger Co., the exclusive franchisee of defendant City of Oakland.

The SWMRRA requires counties to establish solid waste management plans to protect the environment and the health and safety of their citizens. Cal.Gov.Code § 66780. The County of Alameda, in which defendant Cities are located, adopted a Solid Waste Management Plan in November 1980 (Plaintiff's Exhibits 1 & 2). The SWMRRA itself does not limit the ability of local governments to regulate solid waste handling. *Garden Grove Sanitary Dist. v. County of Orange,* 162 Cal.App.3d 842, 208 Cal.Rptr. 777 (1984). County plans are to be flexible to allow local regulation to take account of changing needs and conditions. *Id.* The excerpts from the Alameda plan offered by plaintiff consist of a description of the facilities and services then in effect, including those of plaintiff, and provide for the joint exercise of policy-making and fund-raising powers by the County's political subdivisions.

■ The SWMRRA also provides that local governments are to have the discretion to offer non-exclusive or exclusive franchises for solid waste handling according to their needs. Cal.Gov.Code § 66757(b). This statute clearly authorizes exclusive franchises. *Tom Hudson & Associates v. City of Chula Vista,* 746 F.2d 1370 (9th Cir.1984) (exclusive franchise ordinances immune from antitrust scrutiny under *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943)).

Oakland and San Leandro enacted similar exclusive franchising ordinances, which provided that the hauling and disposal of non-recyclable solid waste would be done solely by an exclusive franchisee. This limitation does not apply to hauling of materials to be recycled (nor to the recycling facility itself) (Defendants' Exhibits A–1 and A–3). Defendants entered into exclusive franchise agreements with defendant Oakland Scavenger Co. and defendant-in-tervenor San Leandro Disposal, Inc. (Defendants' Exhibits B–1 and B–3).

Subsequent to the enactment of the above ordinances, plaintiff continued to collect and haul both recyclable and non-recyclable solid wastes from the premises of its customers. Defendant Oakland Scavenger Co. then notified the City of Oakland that plaintiff's customers were violating the franchise ordinance by allowing plaintiff to collect non-recyclables. Oakland eventually prosecuted one of plaintiff's customers, Jimmy Chang, for violation of the ordinance; Chang was convicted and the conviction upheld on appeal (Exhibit A to McKae Supp. Declaration). The City of San Leandro advised another of plaintiff's customers, Prescolite, that it was violating the San Leandro ordinance, and Prescolite discontinued plaintiff's service.

Plaintiff claims that it is not economically feasible to separate recyclable from non-recyclable waste at the customer's premises, and that therefore the exclusive franchising ordinances will destroy its business. Plaintiff appears to allege a property interest created by the Alameda County Solid Waste Management Plan, by its permit for its Solid Waste Facility, and by the SWMRRA.

*Franchise-Related Claims*

■ The exclusive franchise ordinances are authorized by Cal.Gov.Code § 66757(b). *Tom Hudson, supra.* Plaintiff has no statutory entitlement on which to assert a Fourteenth Amendment interest. And its claim cannot be based on the Alameda County Plan; that Plan expressly leaves franchising of solid waste handling to local jurisdictions (Defendants' Exhibit C at (2)). No provisions of the Plan are inconsistent with exclusive franchising. Plaintiff claims that the section of the Plan that mentions his business constitutes an authorization of it, but that section appears to be merely a description of the waste handling services then existing in 1980 in Alameda County and does not support plaintiff's claim.

The 1979 permit itself (Exhibit A to Complaint) only licenses the operation of plaintiff's recycling facility, which is not forbidden by the ordinances. It does not purport to license hauling activities. Moreover the permit itself states that the issuer—the Alameda County Public Health Service—may revoke the permit at any time for sufficient cause.

Thus, plaintiff cannot show the existence of any protected right in the solid waste hauling aspect of its business, and its claims against the Cities are without merit. Since the above demonstrates that no protected right is at stake, and plaintiff does not allege the regulation was based on membership in a suspect or quasi-suspect class, no equal protection challenge lies. Exclusive franchising is rationally related to public health and environmental concerns, as it facilitates efficient regulation of potentially hazardous activities.

▪ Plaintiff also attacks Oakland Scavenger's contacts with the Cities and plaintiff's customers regarding prohibited conduct under the ordinances. The franchise, however, upon which Oakland Scavenger based its communications, was lawful, entitling the company to protect its rights under it by informing authorities and violators of the franchise and ordinance's existence. Oakland Scavenger's communications to the Cities are protected from antitrust liability by the *Noerr-Pennington* doctrine. *See In re Airport Car Rental Antitrust Litigation,* 693 F.2d 84 (9th Cir. 1982), *cert. denied,* 462 U.S. 1133, 103 S.Ct. 3114, 77 L.Ed. 1368 (1983). Since this communication is protected by the first amendment, *id.* at 87, it cannot form a basis for liability under California unfair competition law. Oakland Scavenger's communications to customers, as described by plaintiff, consisted of true information as to the content of the exclusive franchise and ordinance. Thus, plaintiff has alleged no factual basis for any business tort claim. Cal. Bus. & P.Code §§ 16700, 17000.

*Underbidding Claim*

▪ Plaintiff's final claim against Oakland Scavenger is that the company tortiously underbid plaintiff for corrugated cardboard from the Del Monte Corporation at a price below the minimum required to prevent a loss, in violation of Cal.Bus. & P.Code § 17043. That section prohibits the sale of any article or product below cost in order to injure competition. Defendant contends that it *purchased* cardboard from Del Monte, Del Monte being dissatisfied with the price offered by plaintiff (Declaration of Vince Rusca). Defendant points out that the statute outlaws only sales below cost, not purchases. Moreover, a prohibition of below-cost purchasing would make no sense, at least from the seller's standpoint.

Plaintiff offers no facts or argument to rebut defendant's contention, but asks for discovery in order to amend its complaint to state claims for unspecified business torts against the two defendant franchisees. No reason appears why plaintiff should be granted leave to amend and plaintiff does not state what discovery might disclose.

In sum this is an action wholly lacking any basis in fact or law. That the profitability of plaintiff's business might be impaired by requiring plaintiff to comply with the law does not afford a basis for a lawsuit. In light of the requirements of Fed. R.Civ.P. 11, it is doubtful that this action should ever have been filed.

Defendants' motion for summary judgment is granted with costs to defendants.

IT IS SO ORDERED.